## UNITED STATES, *ex rel.* BOYD, VS. LOCKWOOD.

1. QUO WARRANTO — PRACTICE.   A judge of this court cannot award a writ of *quo warranto*, in vacation.
2. SAME.   Proceedings in *quo warranto* may be maintained against a judge of probate.
3. SAME.   Proceedings in *quo warranto* must be at the instance of the government, acting by the proper officer; they cannot be maintained at the instance of a private person.
4. The proper course of proceeding is, to lay a proper case before the court at the instance of the proper law officer, verified by affidavit, upon which the court will grant a rule to show cause why an information should not be filed; if the cause shown is not such as puts the matter

beyond dispute, the rule will be made absolute for the information, in order that the question concerning the right may be properly determined.

QUO WARRANTO.— On the 1st July, 1843, *Boyd,* the relator, presented to the chief justice, in vacation, a relation and affidavit setting forth, that he, the relator, was duly elected to the office of judge of probate of Crawford county, at the election held on the first Monday in May, 1843, by a majority of the legal votes cast at the said election; that the certificate of election to the said office ought to have been given to the relator, but it was given to *James H. Lockwood,* who had from that time usurped the said office against the right of the relator, and concluded with a prayer for process, etc. Upon this affidavit, the chief justice made an order that the clerk of the supreme court issue a writ of *quo warranto* in the case stated. The writ was issued on the 3d July, directed to the sheriff of Crawford county, and was served and returned.

The proceedings were commenced and prosecuted by *Ben C. Eastman,* attorney for the relator.

On the second day of the term, the relator by his counsel, moved the court for a rule against the respondent to plead to the relation, and on the fifth day a rule was ordered requiring the respondent to plead on or before the eighth day of the term. Under this rule the respondent moved the court to dismiss the proceedings, because, 1. The process and proceedings were not authorized by law; 2. The said process and proceedings were not instituted and conducted by any person authorized by law to institute and conduct the same.

*T. P. Burnett,* for the respondent, in support of the motion, contended:

1. The process in this case was not properly awarded. The only authority which the legislature has given upon the subject is contained in the judiciary act. Stat. Wis. 196. The second section says that the supreme court shall have power to issue the writs of *mandamus, quo warranto,* etc. This power is vested in the *court,* and not

in the judges separately, to be exercised in vacation. The award of the writ in this case, made by one of the judges at chambers, is not within the authority given by the statute. The statute confers a naked authority on the court to issue the writ, and makes no provision for the subsequent proceedings; and we are left to the original writ of *quo warranto*, to be carried into effect as at common law. The writ of *quo warranto* is in the nature of a writ of right for the government to seize an office or franchise into its hands. 2 Wheat. Sel. 322; Buller's N. P. 210, 211, 212; 7 Comyn's Dig., Title "Quo Warranto, A." And at common law there is no relator. 2 Wheat. Sel. 323, note 4.

2. The proceedings are not instituted or conducted upon the proper authority. They were commenced upon the relation of a private individual, and are prosecuted by his attorney, as any civil proceeding. It is an established principle that proceedings in *quo warranto* must be instituted by the government and prosecuted by the attorney-general. 2 Wheat. Sel. 323, 324; *Wallace v. Anderson*, 5 Wheat. 291; *Clark v. Deliesseline*, 1 McCord, 35. The practice in New York shows that all proceedings of the kind are instituted by the government and prosecuted by the attorney-general. *People v. Richardson*, 4 Cowen, 97, and note 100 – 123. In *Wallace v. Anderson, supra*, the supreme court of the United States expressly decided, that proceedings in *quo warranto* to try the right to an office cannot in any case be maintained except at the instance of the government; and if instituted by a private individual without the authority of the government, they cannot be sustained, whatever the rights of the parties may be.

*Ben C. Eastman*, for relator, *contra:*

1. The authority given in the statute to grant writs of *quo warranto*, etc., does not apply to the court alone, but embraces, in effect, the judges of the court. The third section of the act that has been referred to, gives the judges in vacation, the power to allow writs of error,

certiorari, supersedeas and injunction; and also by the same section, the court is vested with all power and authority necessary for carrying into complete execution all its judgments, decrees, determinations, etc. ; and for the exercise of its jurisdiction agreeably to the usages and principles of law. The meaning of the statute is the same in relation to all these necessary powers ; and where it is necessary to the ends of justice, to award a writ in vacation to carry into effect any of the powers of the court, a judge may grant it. This construction will harmonize all the powers of the court, and effect the objects that were intended by the legislature.

2. Formerly, a *quo warranto* was regarded as a criminal proceeding, in which the usurper was punished by fine, and had to be instituted by the crown. In modern times, it is considered as a mere civil proceeding to try the right to an office. 2 Wheat. Sel. 346 ; 4 T. R. 809 ; 2 id. 484 ; 2 Tidd's Prac. 838, 839. It being in the nature of a civil suit to try the rights of the parties, it is not necessary that it should be prosecuted by the attorney-general. The case of *McClernand v. Field*, 3 Scam.   , is one in point, and shows that in the supreme court of Illinois, the principle is recognized, of trying the right to an office on *quo warranto*, at the instance of the party, without any action on the part of the law officer of the government.

DUNN, C. J. The respondent by his attorney, has submitted a motion in this case to dismiss, in response to a rule to plead. The reasons in support of the motion are, 1st. The process and proceedings herein are not authorized by law. 2d. The said process and proceedings are not instituted and conducted by any person authorized by law to institute and conduct the same.

This is the first proceeding of the kind that has been attempted in this court. There is no law of the Territory defining the form of proceeding on such informations. The second section of the "act concerning the supreme

and district courts," vests in this court the power of issuing writs of mandamus, quo warranto, etc. And the third section vests in it "all power and authority necessary for the exercise of its jurisdiction as the supreme judicial tribunal of the Territory, agreeably to the usages and principles of law." In the exercise of our jurisdiction over informations in the nature of quo warranto, we must be governed by the "usages and principles of law," and it is of the utmost importance that they should be correctly understood and defined, step by step, as we proceed.

The rule is now settled, that an information in the nature of quo warranto will lie, to inquire by what authority any one exercises any particular office or jurisdiction, in which the public are concerned. An office is where, for the time being, a portion of the sovereignty, legislative, executive or judicial, attaches, to be exercised for the public benefit. That the office of judge of probate of Crawford county is an office within this definition, there can be no question ; and that the proceeding by information in the nature of quo warranto may be had against the incumbent judge is equally free from doubt.

The case of *Wallace v. Anderson*, 5 Wheat. 291, settles this principle : "That a writ of quo warranto cannot be maintained, except at the instance of the government, whatever may be the right of the prosecutor, or person claiming to exercise the office in question. "It does not appear, affirmatively, that the proceeding in this case is at the instance of the government. It is true, that the style of the relation is : "*United States on the relation of Thomas A. B. Boyd v. James H. Lockwood.*" The attorney-general, or other public prosecutor, is not identified with the relation. It might be conceded that the attorney-general could not withhold his name or sanction, it being now recognized as a civil proceeding, to settle the relative claims of individuals to an office. Be this as it may,

it should appear in the proceedings, to be at the instance of the government, acting by its proper officer.

The supreme court is vested with the power to issue the writ of quo warranto, etc. One of the judges thereof cannot, in vacation, issue or order the issuing of the writ.

At the instance of the government, by its proper officer, on the relation of *Thomas A. B. Boyd*, presenting a proper case, verified by affidavit, this court could not hesitate to take the proper action.

The method of proceeding is to lay a proper case before the court verified by affidavit, upon which the court will grant a rule to the party, to show cause why an information should not be filed against him; and unless the cause shown by him be such as puts the matter beyond dispute, the court will make the rule absolute for the information, in order that the question concerning the right may be properly determined. Buller's Nisi Prius, 210, 211, 212.

We have thought it necessary, in disposing of this motion against the relator, to indicate what is considered to be correct practice under the law applicable to proceedings of this nature, in their inception, that he may present his case through the proper channel and with regularity.

The order made by one of the members of this court at chambers, for a writ, was not made with confidence at the time of its propriety. Subsequent full examination has satisfied that member of the court, that the order was irregular.

The motion is sustained and the proceedings dismissed with costs.